# EXHIBIT A

380TH JUDICIAL DISTRICT COURT

# DOCKET SHEET

## CASE NO. 380-02063-2015

| | | |
|---|---|---|
| **Nicholas D. Mosser vs. Aetna Life Insurance Company and eHealthInsurance Services Inc.** | §<br>§<br>§<br>§ | Location: **380th District Court**<br>Judicial Officer: **Smith, Benjamin N.**<br>Filed on: **05/27/2015** |

---

### CASE INFORMATION

Case Type: **Other Contract**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number   380-02063-2015<br>Court   380th District Court<br>Date Assigned   05/27/2015<br>Judicial Officer   Smith, Benjamin N. |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Mosser, Nicholas D** | Pro Se<br>972-733-3223(H) |
| **Defendant** | **Aetna Life Insurance Company** | Pro Se |
| | **eHealthInsurance Services Inc** | Pro Se |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 05/27/2015 | Plaintiff's Original Petition (OCA) $283.00 | |
| 05/28/2015 | Request for Citation $8.00 | |
| 05/28/2015 | **Citation** | |
| | Aetna Life Insurance Company   issued | |
| | eHealthInsurance Services Inc   issued | |
| 06/16/2015 | No Fee Documents<br>*Return of Service* | |

---

| DATE | FINANCIAL INFORMATION |
|---|---|
| | **Plaintiff** Mosser, Nicholas D | |
| | Total Charges | 299.00 |
| | Total Payments and Credits | 299.00 |
| | **Balance Due as of  6/26/2015** | **0.00** |

STATE OF TEXAS
COUNTY OF COLLIN

I, Andrea Stroh Thompson, District Clerk in and for Collin County, Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears in the records of the District Court,
Collin County, Texas. In testimony whereof, I seal with the

ANDREA STROH THOMPSON, DISTRICT CLERK
COLLIN COUNTY, TEXAS

DEPUTY

*Printed on 06/26/2015 at 1:46 PM*

Filed: 5/27/2015 12:15:01 PM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Laura Edwards Deputy
Envelope ID: 5431839

NO. 380-02063-2015
_____

| | | |
|---|---|---|
| **NICHOLAS D. MOSSER** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **_____JUDICIAL DISTRICT** |
| | § | |
| **AETNA LIFE INSURANCE COMPANY** | § | |
| **AND EHEALTHINSURANCE** | § | |
| **SERVICES INC.** | § | |
| | § | |
| **Defendants.** | § | **OF COLLIN COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

**NOW COMES** Nicholas D. Mosser, hereinafter called Plaintiff, complaining of and about

Aetna Life Insurance Company and eHealthInsurance Services Inc., hereinafter called

Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.      Plaintiff, Nicholas D. Mosser, is an Individual whose address is c/o Mosser Law

PLLC, 2805 Dallas Parkway Suite 222, Plano, Texas 75093.

3.      Defendant Aetna Life Insurance Company, a Nonresident Corporation, may be

served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations

Code by serving the registered agent of the corporation, The Corporation Trust Inc.,

at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, its registered office.  Service

of said Defendant as described above can be effected by personal delivery.

4.      Defendant eHealthInsurance Services Inc., a Nonresident Corporation, may be

served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations

PLAINTIFF'S ORIGINAL PETITION

Code by serving the registered agent of the corporation, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, its registered office.  Service of said Defendant as described above can be effected by personal delivery.

### JURISDICTION AND VENUE

5.    Paragraphs 1-66 are incorporated by reference as if fully recited herein, in haec verba.

6.    The subject matter in controversy is within the jurisdictional limits of this court.

7.    Plaintiff seeks:

  a.    monetary relief over $100,000 but not more than $200,000; and

  b.    specific performance of contractual obligations.

8.    This court has jurisdiction over Defendant Aetna Life Insurance Company, (Aetna), because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Aetna Life Insurance Company will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9.    Plaintiff would show that Defendant Aetna Life Insurance Company had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

10.    Furthermore, Plaintiff would show that Defendant Aetna Life Insurance Company engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in

PLAINTIFF'S ORIGINAL PETITION

whole or in part thereof was to occur in Texas.

11.  This court has jurisdiction over Defendant eHealthInsurance Services Inc., ("eHealth"), because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over eHealthInsurance Services Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

12.  Plaintiff would show that Defendant eHealthInsurance Services Inc. had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

13.  Furthermore, Plaintiff would show that Defendant eHealthInsurance Services Inc. engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

14.  Venue in Collin County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code.

### FACTS

15.  Paragraphs 1-66 are incorporated by reference as if fully recited herein, in haec verba.

16.  Mr. Mosser purchased an Aetna Policy entitled "TX Aetna Gold $5 Copay PD" on or about January 1, 2015 through eHealth. The policy was to take effect February

PLAINTIFF'S ORIGINAL PETITION

1, 2015.

17.    Mr. Mosser has requested a policy, on multiple occasions but he was told that there was "no policy" and "no policy existed." Instead, Mr. Mosser was directed to two documents entitled "Summary of Benefits and Coverage" and "Supplemental Information." (the Summaries) Exhibit A. On multiple telephone calls, the agents and their supervisors informed me that the policy information was solely contained within those two Summary information or that there was no policy beyond the Summaries.

18.    Despite the policy becoming effective on February 1, 2015, no policy documents were delivered or otherwise made available until April 15, 2015– after the close of the Affordable Care Act's open enrollment period, and over two months after the effective date of the policy. This Policy was only provided after communications on or about April 9, 2015 between Mr. Mosser and Aetna's counsel for the Western region of the United States.

19.    Furthermore, on later telephone calls an agent for Aetna walked through the process of determining whether or not a particular drug would be covered. This involved material that exceeded the Summaries–and contains information beyond the scope of knowledge the average person would have prior to receiving a copy of the policy. When asked, the Agent indicated that not all of the information was included in the Summaries. The Agent further indicated 'that is why she is there.'

20.    During the search for a policy on eHealth, Mr. Mosser located a 'policy' provided by Aetna. This policy contained certain assurances regarding prescription drugs. The information provided by eHealth identified the following limits regarding prescription drugs:

PLAINTIFF'S ORIGINAL PETITION

> Generic Drugs: $10 Copay; Preferred Brand Drugs: $35 Copay after deductible; Non-Preferred Brand Drugs: $70 Copay after deductible; Specialty Drugs: 30% Coinsurance after deductible; Off Label Prescription Drugs: $70 Copay after deductible; Exhibit B.

21. A brochure provided by Aetna through eHealth echoes the information described above include the copays and break down for the different status of drugs.

22. The Brochure indicates that "A summary of exclusions is listed in the Aetna Health Plan brochure. For a full list of benefits coverage and exclusions, refer to the plan documents." However, no documents, provided to Mr. Mosser, identify any exclusions related to prescription drugs. (eHealth's website reiterates that "The carrier has not provided a separate document for Exclusions and Limitations." However, this information was not provided until after Mr. Mosser purchased the policy.)

23. A plain reading of all documents used to sell the insurance policy indicates that for any brand name drug the maximum co-pay would be $70.00.

24. However, this assumption rests on the concept that there exists some list indicating how a "preferred" or "nonpreferred" drug  is classified–of which none exists to the general public or a potential purchaser of a policy. Furthermore, only after purchase of the policy, a lengthy telephone call, and deciphering cryptic terminology can a policy owner determine which drugs are covered and which are not covered.

25. Prior to purchasing the policy no list was made available to Mr. Mosser reflecting what drugs were classified as preferred or nonpreferred–rather Mr. Mosser was directed through a convoluted secret set of documents identified only by one of Aetna's telephone agents. When questioned, the telephone agent indicated that no

PLAINTIFF'S ORIGINAL PETITION

one would know which list to look at to determine the formulary without placing a call to their support lines.

26.   Based upon the information provided by eHealth and Aetna, Mr. Mosser purchased the insurance policy relying on the information provided to determine that no prescription drug was excluded from coverage and specifically the drugs Mr. Mosser was taking were covered under this plan. Mr. Mosser was not provided any contradictory information until after coverage was denied.

27.   At particular issue is a prescription drug called Ambien CR. Mr. Mosser has been on a continued regiment of Ambien CR for several years to treat a preexisting condition. This preexisting condition is covered by the Affordable Care Act, and refusal to cover this preexisting condition is a violation of the Act. Similarly, through regular treatment by a licensed physician, Mr. Mosser has attempted to utilize any reasonable generic or alternative treatment in lieu of Ambien CR.

28.   Immediately after receiving coverage from Aetna, Mr. Mosser attempted to fill three prescriptions at a CVS pharmacy. All prescriptions were denied. Two of the three were denied because they required "pre-authorization," what lay persons might call a prescription written by a treating physician. (Which Mr. Mosser presented to CVS prior to the drugs being filled.) However, a person who was not a doctor, and had never reviewed the file, instructed CVS to not fill the prescriptions.

29.   The remaining prescription, Ambien CR, was categorically denied by Aetna. Upon inquiry, Aetna advised Mr. Mosser that the Policy documents indicated that it was not a covered drug. (However, no one could locate a page, line, or even a document that stated that exclusion.)

PLAINTIFF'S ORIGINAL PETITION

30.   Furthermore, upon efforts by my treating physician to have the drug "Ambien CR" approved specifically and obtaining the authorization for that specific drug, the pharmacy costs are approximately $400 including a penalty charged for utilizing the brand name drug. The information provided to me while purchasing the policy described no "penalty" nor did they provide any information about a member paying the difference concept. The information provided that ALL brand name drugs without exclusion would be provided for either $35 or $70. Even after purchasing the plan, despite not receiving a policy, an agent directed Mr. Mosser to where the formulary is located and the formulary is blank. Exhibit C.

31.   As a result of Aetna's refusal to cover the preexisting condition, Mr. Mosser has been forced to attempt a generic version of Ambien CR (Mr. Mosser has attempted to utilize this generic in the past with negative side effects that are well documented) and an alternative drug with similar negative side effects, ProSom. Mr. Mosser has a history of beneficial treatment with Ambien CR with no side effects and the use of the unsatisfactory alternatives has caused him severe discomfort, migraines, and ramifications with his productivity at work.

32.   After the failures of the generics and alternatives Mr. Mosser is now forced to purchase Ambien CR at a cost of approximately $400 per month.

33.   Aetna indicates that the prescription drug deductible is $250, however, Mr. Mosser is still regularly being charged in excess of that deductible with no credit being applied to the deductible.

34.   Aetna and eHealth are misrepresenting the price of prescription drugs under its plan to the detriment of policy holders. Furthermore Aetna and eHealth are selling a

PLAINTIFF'S ORIGINAL PETITION

policy and operating under a policy which has not been shown to the consumers; or was not shown to the consumer for months after its effective date.

35.     eHealth and Aetna acted in a similarly deceptive fashion by providing a list of doctors that were available under the proposed carrier, however, may not be covered on the specific plan. The list provided by Aetna through eHealth indicated that certain doctors were covered by Aetna, however, only upon further and extensive research after denial of coverage was it identified that only certain Aetna plans covered those doctors.

## DECEPTIVE TRADE PRACTICES

36.     Paragraphs 1-66 are incorporated by reference as if fully recited herein, in haec verba.

37.     Plaintiff would show that Defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

38.     Unconscionable Action or Course of Action. Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

39.     Violations of Section 17.12. Aetna and eHealth have advertised a service and induced persons to purchase that service under contract that materially misrepresents the extent of coverage and the character of the coverage offered

PLAINTIFF'S ORIGINAL PETITION

8

under the policy.

40.     <u>Violations of Section 17.46(b)</u>.  Defendants violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendants:

    a.     the characteristics of the plan as represented and sold are not the characteristics of the services actually rendered under the policy;

    b.      the services rendered by Aetna and eHealth were not provided as they were advertised, specifically Aetna failed to pay for services specifically covered under the policy;

    c.     represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

    d.     advertised goods or services with intent not to sell them as advertised;

    e.     during subsequent conversations Mr. Mosser was advised that the sales persons did not adequately describe the services that were contained in the policy;

    f.     represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

    g.     failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered, had the information been disclosed.

PLAINTIFF'S ORIGINAL PETITION

9

41.  <u>Misrepresentation of Insurance Policy</u>.  Defendants misrepresented an insurance policy as prohibited by Section 541.061 of the Texas Insurance Code, to wit:

    a.  making an untrue statement of material fact with respect to a policy to be issued;

    b.  failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

    c.  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact;

    d.  making a material misstatement of law; and

    e.  failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

42.  <u>Unfair and Deceptive Acts or Practices</u>.  Defendants also engaged in unfair and deceptive acts or practices prohibited by Subchapter B, Chapter 541, Texas Insurance Code, to wit:

    a.  Both of the following:

        i.  making, issuing, or circulating, or causing to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:

            (1)  the terms of the policy; and

            (2)  the benefits or advantages promised by the policy;

        ii.  making a misleading representation or misrepresentation regarding

PLAINTIFF'S ORIGINAL PETITION

10

        (1)    using a name or title of a policy or class of policies that misrepresents the true nature of the policy or class of policies;

b.    making, publishing, disseminating, circulating, or placing before the public or directly or indirectly causing to be made, published, disseminated, circulated, or placed before the public in a newspaper, magazine, or other publication, or in the form of a notice, circular, pamphlet, letter, or poster, or over any radio or television station, or in any other manner an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance or a person in the conduct of the person's insurance business;

c.    Utilizing a deceptive name or slogan in the course of sales of a policy;

43.    <u>Producing Cause</u>.  Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow.

44.    <u>Reliance</u>.  Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code and Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

45.    <u>Written Notice Given</u>.  Plaintiff has timely notified Defendants of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code and Section 541.154 of the Texas Insurance Code by letter dated April 10, 2015, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

PLAINTIFF'S ORIGINAL PETITION

## COMMON LAW FRAUD

46.     Paragraphs 1-66 are incorporated by reference as if fully recited herein, in haec verba.

47.     Plaintiff further shows that Defendants made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to his detriment.

48.     Plaintiff would further show that Defendants concealed or failed to disclose material facts within the knowledge of Defendants, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

49.     As a proximate result of such fraud, Plaintiff sustained the damages described more fully hereinbelow.

## BREACH OF CONTRACT

50.     Paragraphs 1-66 are incorporated by reference as if fully recited herein, in haec verba.

51.     Plaintiff and Aetna entered into a contract, through Aetna's agent eHealth, for the purchase of an Aetna insurance policy.

52.     The contracted for Aetna insurance policy was to provide at least, "Generic Drugs: $10 Copay; Preferred Brand Drugs: $35 Copay after deductible; Non-Preferred Brand Drugs: $70 Copay after deductible; Specialty Drugs: 30% Coinsurance after deductible; Off Label Prescription Drugs: $70 Copay after deductible" and coverage

PLAINTIFF'S ORIGINAL PETITION

for certain physicians listed through the eHealth website. Furthermore, the Policy contracted for was to have a prescription deductible of $250.

53.   Aetna has also failed to provide coverage as contracted for under multiple sections of the policy including ongoing mental health treatment. Specifically, despite representations that Aetna would provide 50% of coinsurance (without limitations), Aetna has failed to pay pursuant to the plan, or reimburse Mr. Mosser for the current claims.

54.   Plaintiff has performed all conditions precedent to the application of the Policy.

55.   Defendant Aetna has breached the contract by failing to provide for coverage as contracted.

56.   Plaintiff would further show that the actions and/or omissions of Defendants described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

## VIOLATIONS UNDER THE AFFORDABLE CARE ACT

57.   Paragraphs 1-66 are incorporated by reference as if fully recited herein, in haec verba.

58.   Defendant Aetna are knowingly excluding treatment and coverage for preexisting conditions. As described above, the course of conduct by Aetna in failing to cover preexisting conditions of Mr. Mosser operate as a rule created to prohibit coverage based upon his medical condition, this is prohibited discrimination in violation of 42 USC §300gg et al.

## ECONOMIC AND ACTUAL DAMAGES

PLAINTIFF'S ORIGINAL PETITION

59.   Paragraphs 1-66 are incorporated by reference as if fully recited herein, in haec verba.

60.   Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

    a.   Interest and/or finance charges assessed against and paid by Plaintiff.

    b.   Loss of the "benefit of the bargain."

## MULTIPLE DAMAGES

61.   Paragraphs 1-66 are incorporated by reference as if fully recited herein, in haec verba.

62.   Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

63.   Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## EXEMPLARY DAMAGES

64.   Paragraphs 1-66 are incorporated by reference as if fully recited herein, in haec verba.

65.   Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendants at the expense of Plaintiff. In order to punish said Defendants for such unconscionable, overreaching and to deter such actions and/or omissions in the future, Plaintiff also

PLAINTIFF'S ORIGINAL PETITION

seeks recovery from Defendants for exemplary damages as provided by Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code.

## ATTORNEY'S FEES

66.   Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 541.152(a)(1) of the Texas Insurance Code; (c) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (d) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Nicholas D. Mosser, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, specific performance, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted, *MOSSER LAW PLLC*

By: /s/ Nicholas D. Mosser

PLAINTIFF'S ORIGINAL PETITION



Nicholas D. Mosser
Texas Bar No. 24075405
James C. Mosser
Texas Bar No: 00789784
Email:  courtdocuments@mosserlaw.com
2805 Dallas Parkway Suite 222
Plano, TX 75093
Tel. (972) 733-3223
Fax. (469) 626-1073
Attorney for Plaintiff
Nicholas D. Mosser

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**



PLAINTIFF'S ORIGINAL PETITION

  **aetna** : TX Aetna Gold $5 Copay PD

Coverage Period: 02/01/2015 - 12/31/2015

**Summary of Benefits and Coverage:** What this Plan Covers & What it Costs

**Coverage for:** Individual + Family | **Plan Type:** POS

> ⚠️ **This is only a summary.** If you want more detail about your coverage and costs, you can get the complete terms in the policy or plan document at www.HealthReformPlanSBC.com or by calling 1-866-253-8885.

| Important Questions | Answers | Why this Matters: |
|---|---|---|
| **What is the overall deductible?** | Network: Individual **$1,400** / Family **$2,800**. Out–of–Network: Individual **$6,750** / Family **$13,500**. Does not apply to network for certain office visits, preventive care, urgent care and prescription drugs. | You must pay all the costs up to the **deductible** amount before this plan begins to pay for covered services you use. Check your policy or plan document to see when the **deductible** starts over (usually, but not always, January 1st). See the chart starting on page 2 for how much you pay for covered services after you meet the **deductible**. |
| **Are there other deductibles For specific services?** | Yes. For prescription drug expenses - In-Network: **$250** / Out-of-Network **$500**. Does not apply to in-network preferred generic drugs. There are no other specific **deductibles**. | You must pay all of the costs for these services up to the specific **deductible** amount before this plan begins to pay for these services. |
| **Is there an out-of-pocket limit on my expenses?** | Yes. Network: Individual **$5,000** / Family **$10,000**. Out–of–Network: Individual **Unlimited** / Family **Unlimited**. | The **out-of-pocket limit** is the most you could pay during a coverage period (usually one year) for your share of the cost of covered services. This limit helps you plan for health care expenses. |
| **What is not included in the out-of-pocket limit?** | Premiums, balance-billed charges, penalties for failure to obtain pre-authorization for services and health care this plan doesn't cover. | Even though you pay these expenses, they don't count toward the **out-of pocket limit**. |
| **Is there an overall annual limit on what the plan pays?** | No. | The chart starting on page 2 describes any limits on what the plan will pay for *specific* covered services, such as office visits. |
| **Does this plan use a network of providers?** | Yes. See www.aetna.com or call 1-866-253-8885 for a list of network **providers**. | If you use an in-network doctor or other health care **provider**, this plan will pay some or all of the costs of covered services. Be aware, your in-network doctor or hospital may use an out-of-network **provider** for some services. Plans use the term in-network, **preferred**, or participating for **providers** in their **network**. See the chart starting on page 2 for how this plan pays different kinds of **providers**. |
| **Do I need a referral to see a specialist?** | No. | You can see the **specialist** you choose without permission from this plan. |
| **Are there services this plan doesn't cover?** | Yes. | Some of the services this plan doesn't cover are listed on page 5. See your policy or plan document for additional information about **excluded services**. |

**Questions:** Call 1-866-253-8885 or visit us at www.HealthReformPlanSBC.com.
If you aren't clear about any of the underlined terms used in this form, see the Glossary. You can view the Glossary at www.HealthReformPlanSBC.com or call 1-866-253-8885 to request a copy.

17

070500-120020-531409

1 of 8

EXHIBIT A

**aetna** :   **TX Aetna Gold $5 Copay PD**

Coverage Period: 02/01/2015 - 12/31/2015

**Summary of Benefits and Coverage:** What this Plan Covers & What it Costs

**Coverage for:** Individual + Family | **Plan Type:** POS



- **Copayments** are fixed dollar amounts (for example, $15) you pay for covered health care, usually when you receive the service.
- **Coinsurance** is *your* share of the costs of a covered service, calculated as a percent of the **allowed amount** for the service. For example, if the plan's **allowed amount** for an overnight hospital stay is $1,000, your **coinsurance** payment of 20% would be $200. This may change if you haven't met your **deductible**.
- The amount the plan pays for covered services is based on the **allowed amount**. If an out-of-network **provider** charges more than the **allowed amount**, you may have to pay the difference. For example, if an out-of-network hospital charges $1,500 for an overnight stay and the **allowed amount** is $1,000, you may have to pay the $500 difference. (This is called **balance billing**.)
- This plan may encourage you to use network **providers** by charging you lower **deductibles**, **copayments**, and **coinsurance** amounts.

| Common Medical Event | Services You May Need | Your Cost If You Use a Network Provider | Your Cost If You Use an Out–of–Network Provider | Limitations & Exceptions |
|---|---|---|---|---|
| **If you visit a health care provider's office or clinic** | Primary care visit to treat an injury or illness | $5 copay/visit, deductible waived | 50% coinsurance | —none— |
| | Specialist visit | $40 copay/visit, deductible waived | 50% coinsurance | —none— |
| | Other practitioner office visit | 20% coinsurance for Chiropractic (Chiro) care | 50% coinsurance for Chiropractic care | Coverage is limited to 35 visits for Physical Therapy (PT)/ Occupational Therapy (OT)/ Speech Therapy (ST)/ Chiro combined. Benefit limits are shared between rehab and non-autism hab services. |
| | Preventive care /screening /immunization | No charge | 50% coinsurance | Age and frequency schedules may apply. |
| **If you have a test** | Diagnostic test (x-ray, blood work) | 20% coinsurance | 50% coinsurance | —none— |
| | Imaging (CT/PET scans, MRIs) | 20% coinsurance | 50% coinsurance | Precertification required for out-of-network care. Benefits will be reduced by 50% up to $400 per occurrence if precertification is not obtained. |

**Questions:** Call 1-866-253-8885 or visit us at www.HealthReformPlanSBC.com.
If you aren't clear about any of the underlined terms used in this form, see the Glossary. You can view the Glossary at www.HealthReformPlanSBC.com or call 1-866-253-8885 to request a copy.

18

070500-120020-531409

2 of 8

EXHIBIT A

**aetna** :   TX Aetna Gold $5 Copay PD

Coverage Period: 02/01/2015 - 12/31/2015

**Summary of Benefits and Coverage:** What this Plan Covers & What it Costs         **Coverage for:** Individual + Family | **Plan Type:** POS

| Common Medical Event | Services You May Need | Your Cost If You Use a Network Provider | Your Cost If You Use an Out–of–Network Provider | Limitations & Exceptions |
|---|---|---|---|---|
| **If you need drugs to treat your illness or condition.**<br><br>More information about **prescription drug coverage** is available at www.aetna.com/pharmacy-insurance/individuals-families | Preferred generic drugs (Includes Tier 1A - Value Drugs and Tier 1 Preferred Generic Prescription Drugs) | Copay/prescription: Tier 1A $3 copay (retail), $6 copay (mail order); Tier 1 $10 copay (retail), $20 copay (mail order); deductible waived | 50% coinsurance (retail) | Covers up to a 30-day supply (retail prescription); 31-90 day supply (mail order prescription). Applicable cost share plus difference (brand minus generic cost) applies for brand when generic available. No charge for network preferred generic FDA-approved women's contraceptives. Precertification and step therapy required. |
| | Preferred brand drugs | $35 copay (retail), $87.50 copay (mail order) | 50% coinsurance (retail) | |
| | Non-preferred generic/brand drugs | $70 copay (retail), $210 copay (mail order) | 50% coinsurance (retail) | |
| | Preferred specialty drugs | Preferred: 30% coinsurance for up to a 30 day supply, Non-preferred: 50% coinsurance for up to a 30 day supply; 50% coinsurance for up to a 90 day supply | 50% coinsurance (retail) | ——none—— |
| **If you have outpatient surgery** | Facility fee (e.g., ambulatory surgery center) | 20% coinsurance | 50% coinsurance | ——none—— |
| | Physician/surgeon fees | 20% coinsurance | 50% coinsurance | ——none—— |
| **If you need immediate medical attention** | Emergency room services | $250 copay/visit | $250 copay/visit | Copay is waived if admitted. Out-of-network (OON) emergency room services cost share same as network. No coverage for non-emergency care. |
| | Emergency medical transportation | 20% coinsurance | 20% coinsurance | OON cost-share same as network. |
| | Urgent care | $75 copay/visit, deductible waived | 50% coinsurance | No coverage for non-urgent care. |

**Questions:** Call 1-866-253-8885 or visit us at www.HealthReformPlanSBC.com.<br>If you aren't clear about any of the underlined terms used in this form, see the Glossary. You can view the Glossary at www.HealthReformPlanSBC.com or call 1-866-253-8885 to request a copy.

19

070500-120020-531409

3 of 8

EXHIBIT A

**aetna**   :   TX Aetna Gold $5 Copay PD

Coverage Period: 02/01/2015 - 12/31/2015

**Summary of Benefits and Coverage:** What this Plan Covers & What it Costs

**Coverage for:** Individual + Family | **Plan Type:** POS

| Common Medical Event | Services You May Need | Your Cost If You Use a Network Provider | Your Cost If You Use an Out–of–Network Provider | Limitations & Exceptions |
|---|---|---|---|---|
| **If you have a hospital stay** | Facility fee (e.g., hospital room) | 20% coinsurance | 50% coinsurance | Precertification required for out-of-network care. Benefits will be reduced by 50% up to $400 per occurrence if precertification is not obtained. |
| | Physician/surgeon fee | 20% coinsurance | 50% coinsurance | —————none————— |
| **If you have mental health, behavioral health, or substance abuse needs** | Mental/Behavioral health outpatient services | $40 copay/visit, deductible waived | 50% coinsurance | —————none————— |
| | Mental/Behavioral health inpatient services | 20% coinsurance | 50% coinsurance | Precertification required for out-of-network care. Benefits will be reduced by 50% up to $400 per occurrence if precertification is not obtained. |
| | Substance use disorder outpatient services | $40 copay/visit, deductible waived | 50% coinsurance | —————none————— |
| | Substance use disorder inpatient services | 20% coinsurance | 50% coinsurance | Precertification required for out-of-network care. Benefits will be reduced by 50% up to $400 per occurrence if precertification is not obtained. |
| **If you are pregnant** | Prenatal and postnatal care | Prenatal: No charge; Postnatal: $250 one time copay, deductible waived | 50% coinsurance | —————none————— |
| | Delivery and all inpatient services | 20% coinsurance | 50% coinsurance | Precertification required for out-of-network care. Benefits will be reduced by 50% up to $400 per occurrence if precertification is not obtained. |
| **If you need help recovering or have other special health needs** | Home health care | 20% coinsurance | 50% coinsurance | Coverage is limited to 60 visits. |
| | Rehabilitation services | 20% coinsurance | 50% coinsurance | Coverage is limited to 35 visits for PT/OT/ST/Chiro combined. Benefit limits are shared between rehabilitation and non-autism habilitation services. |

**Questions:** Call 1-866-253-8885 or visit us at www.HealthReformPlanSBC.com.
If you aren't clear about any of the underlined terms used in this form, see the Glossary. You can view the Glossary
at www.HealthReformPlanSBC.com or call 1-866-253-8885 to request a copy.

20

070500-120020-531409

4 of 8

EXHIBIT A

# aetna :  TX Aetna Gold $5 Copay PD

Coverage Period: 02/01/2015 - 12/31/2015

**Summary of Benefits and Coverage:** What this Plan Covers & What it Costs

**Coverage for:** Individual + Family | **Plan Type:** POS

| Common Medical Event | Services You May Need | Your Cost If You Use a Network Provider | Your Cost If You Use an Out–of–Network Provider | Limitations & Exceptions |
|---|---|---|---|---|
| | Habilitation services | 20% coinsurance | 50% coinsurance | Coverage is limited to 35 visits for PT/OT/ST/Chiro combined. Benefit limits are shared between rehabilitation and non-autism habilitation services. |
| | Skilled nursing care | 20% coinsurance | 50% coinsurance | Coverage is limited to 25 days. Precertification required for out-of-network care. Benefits will be reduced by 50% up to $400 per occurrence if precertification is not obtained. |
| | Durable medical equipment | 50% coinsurance | 50% coinsurance | ———none——— |
| | Hospice service | 20% coinsurance | 50% coinsurance | Precertification required for out-of-network care. Benefits will be reduced by 50% up to $400 per occurrence if precertification is not obtained. |
| **If your child needs dental or eye care** | Eye exam | No charge | 50% coinsurance | Coverage is limited to 1 exam per calendar year. |
| | Glasses | No charge | 50% coinsurance | Coverage is limited to 1 set of frames and 1 set of contact lenses or eyeglass lenses per calendar year. |
| | Dental check-up | No charge | No charge | Coverage is limited to 2 visits per calendar year. |

## Excluded Services & Other Covered Services:

**Services Your Plan Does NOT Cover** **(This isn't a complete list. Check your policy or plan document for other <u>excluded services</u>.)**

- Acupuncture - except as form of anesthesia.
- Bariatric surgery
- Cosmetic surgery - except when medically necessary.
- Dental care (Adult) - except accidental injury.

- Infertility treatment - except the diagnosis and surgical treatment of underlying conditions.
- Long-term care
- Non-emergency care when traveling outside the U.S.

- Private-duty nursing
- Routine eye care (Adult)
- Routine foot care
- Weight loss programs

**Questions:** Call 1-866-253-8885 or visit us at www.HealthReformPlanSBC.com.
If you aren't clear about any of the underlined terms used in this form, see the Glossary. You can view the Glossary at www.HealthReformPlanSBC.com or call 1-866-253-8885 to request a copy.

21

**aetna** :   TX Aetna Gold $5 Copay PD

Coverage Period: 02/01/2015 - 12/31/2015

**Summary of Benefits and Coverage:** What this Plan Covers & What it Costs

**Coverage for:** Individual + Family | **Plan Type:** POS

| **Other Covered Services** (This isn't a complete list. Check your policy or plan document for other covered services and your costs for these services.) | |
|---|---|
| • Chiropractic care - limited to 35 visits PT/OT/ST/Chiro combined. | • Hearing aids - limited to 1 hearing aid per ear, per 36 months. |

## Your Rights to Continue Coverage:

Federal and State laws may provide protections that allow you to keep health insurance coverage as long as you pay your **premium**. There are exceptions, however, such as if:

- You commit fraud
- The insurer stops offering services in the State
- You move outside the coverage area

For more information on your rights to continue coverage, contact the insurer at 1-866-253-8885. You may also contact your state insurance department at (512) 463-6169, **www.tdi.texas.gov**.

## Your Grievance and Appeals Rights:

If you have a complaint or are dissatisfied with a denial of coverage for claims under your plan, you may be able to **appeal** or file a **grievance**. For questions about your rights, this notice, or assistance, you can contact us by calling the toll free number on your Medical ID Card. You may also contact the Texas Department of Insurance, (512) 463-6169, **www.tdi.texas.gov**.

## Does this Coverage Provide Minimum Essential Coverage?

The Affordable Care Act requires most people to have health care coverage that qualifies as "minimum essential coverage". **This plan or policy does provide minimum essential coverage.**

## Does this Coverage Meet Minimum Value Standard?

The Affordable Care Act establishes a minimum value standard of benefits of a health plan. The minimum value standard is 60% (actuarial value). **This health coverage does meet the minimum value standard for the benefits it provides.**

## Language Access Services:

Para obtener asistencia en Español, llame al 1-866-253-8885.

Kung kailangan ninyo ang tulong sa Tagalog tumawag sa 1-866-253-8885.

如果需要中文的帮助，请拨打这个号码 1-866-253-8885.

Dinek'ehgo shika at'ohwol ninisingo, kwiijigo holne' 1-866-253-8885.

--------------------*To see examples of how this plan might cover costs for a sample medical situation, see the next page.*--------------------

**Questions: Call** 1-866-253-8885 or visit us at www.HealthReformPlanSBC.com.
If you aren't clear about any of the underlined terms used in this form, see the Glossary. You can view the Glossary at www.HealthReformPlanSBC.com or call 1-866-253-8885 to request a copy.

22

070500-120020-531409
6 of 8

EXHIBIT A

**aetna**   :   TX Aetna Gold $5 Copay PD
Coverage Period: 02/01/2015 - 12/31/2015

**Coverage Examples**                                    Coverage for: Individual + Family | Plan Type: POS

## About these Coverage Examples:

These examples show how this plan might cover medical care in given situations. Use these examples to see, in general, how much financial protection a sample patient might get if they are covered under different plans.



### This is not a cost estimator.

Don't use these examples to estimate your actual costs under this plan. The actual care you receive will be different from these examples, and the cost of that care also will be different.

See the next page for important information about these examples.

| Having a baby (normal delivery) | |
|---|---|
| ■ **Amount owed to providers:** $7,540 | |
| ■ **Plan pays:** $5,230 | |
| ■ **Patient pays:** $2,310 | |

**Sample care costs:**

| | |
|---|---|
| Hospital charges (mother) | $2,700 |
| Routine obstetric care | $2,100 |
| Hospital charges (baby) | $900 |
| Anesthesia | $900 |
| Laboratory tests | $500 |
| Prescriptions | $200 |
| Radiology | $200 |
| Vaccines, other preventive | $40 |
| **Total** | **$7,540** |

**Patient pays:**

| | |
|---|---|
| Deductibles | $1,400 |
| Copays | $10 |
| Coinsurance | $750 |
| Limits or exclusions | $150 |
| **Total** | **$2,310** |

| Managing type 2 diabetes (routine maintenance of a well-controlled condition) | |
|---|---|
| ■ **Amount owed to providers:** $5,400 | |
| ■ **Plan pays:** $3,460 | |
| ■ **Patient pays:** $1,940 | |

**Sample care costs:**

| | |
|---|---|
| Prescriptions | $2,900 |
| Medical Equipment and Supplies | $1,300 |
| Office Visits and Procedures | $700 |
| Education | $300 |
| Laboratory tests | $100 |
| Vaccines, other preventive | $100 |
| **Total** | **$5,400** |

**Patient pays:**

| | |
|---|---|
| Deductibles | $1,400 |
| Copays | $140 |
| Coinsurance | $320 |
| Limits or exclusions | $80 |
| **Total** | **$1,940** |

**Questions:** Call 1-866-253-8885 or visit us at www.HealthReformPlanSBC.com.
If you aren't clear about any of the underlined terms used in this form, see the Glossary. You can view the Glossary at www.HealthReformPlanSBC.com or call 1-866-253-8885 to request a copy.

23

070500-120020-531409
7 of 8

EXHIBIT A

**aetna** : TX Aetna Gold $5 Copay PD

Coverage Period: 02/01/2015 - 12/31/2015

**Coverage Examples**      **Coverage for:** Individual + Family | **Plan Type:** POS

# Questions and answers about the Coverage Examples:

## What are some of the assumptions behind the Coverage Examples?

- Costs don't include **premiums**.
- Sample care costs are based on national averages supplied by the U.S. Department of Health and Human Services, and aren't specific to a particular geographic area or health plan.
- The patient's condition was not an excluded or preexisting condition.
- All services and treatments started and ended in the same coverage period.
- There are no other medical expenses for any member covered under this plan.
- Out-of-pocket expenses are based only on treating the condition in the example.
- The patient received all care from in-network **providers**. If the patient had received care from out-of-network **providers**, costs would have been higher.



## What does a Coverage Example show?

For each treatment situation, the Coverage Example helps you see how **deductibles**, **copayments**, and **coinsurance** can add up. It also helps you see what expenses might be left up to you to pay because the service or treatment isn't covered or payment is limited.

## Does the Coverage Example predict my own care needs?

**No.** Treatments shown are just examples. The care you would receive for this condition could be different, based on your doctor's advice, your age, how serious your condition is, and many other factors.

## Does the Coverage Example predict my future expenses?

**No.** Coverage Examples are **not** cost estimators. You can't use the examples to estimate costs for an actual condition. They are for comparative purposes only. Your own costs will be different depending on the care you receive, the prices your **providers** charge, and the reimbursement your health plan allows.

## Can I use Coverage Examples to compare plans?

✓ **Yes.** When you look at the Summary of Benefits and Coverage for other plans, you'll find the same Coverage Examples. When you compare plans, check the "Patient Pays" box in each example. The smaller that number, the more coverage the plan provides.

## Are there other costs I should consider when comparing plans?

✓ **Yes.** An important cost is the **premium** you pay. Generally, the lower your **premium**, the more you'll pay in out-of-pocket costs, such as **copayments**, **deductibles**, and **coinsurance**. You should also consider contributions to accounts such as health savings accounts (HSAs), flexible spending arrangements (FSAs) or health reimbursement accounts (HRAs) that help you pay out-of-pocket expenses.

**Questions:** Call 1-866-253-8885 or visit us at www.HealthReformPlanSBC.com.
If you aren't clear about any of the underlined terms used in this form, see the Glossary. You can view the Glossary at www.HealthReformPlanSBC.com or call 1-866-253-8885 to request a copy.

070500-120020-531409
8 of 8

EXHIBIT A

COLLIN, TX     Male     03/20/1984     Non-smoker     (edit)

« Back | Home » Individual Health Insurance » Plans Found » Plan Details

# aetna     Aetna Gold $5 Copay PD

## $376.03 /mo

Email Quote

| | |
|---|---|
| **Plan Type** | POS |
| **Metal Level** | Gold |
| **Office Visit for Primary Doctor**<br>**Find Doctors** | $5 Copay |
| **Office Visit for Specialist** | $40 Copay |
| **Office Visit for Other Practitioner (Nurse,**<br>**Physician Assistant)** | $5 Copay |
| **Annual Deductible** | Individual: $1,400 |
| **Separate Prescription Drugs Deductible** | $250 Individual |
| **Coinsurance** | 20% |
| **Retail Prescription Drugs** | Generic Drugs: $10 Copay, Preferred Brand Drugs: $35 Copay after deductible. Non-Preferred Brand Drugs: $70 Copay after deductible; Specialty Drugs: 30% Coinsurance after deductible; Off Label Prescription Drugs $70 Copay after deductible. |

EXHIBIT B

DISTRICT COURT OF COLLIN COUNTY, TEXAS

File Name    2015_IVL_Changes

# aetna®

# 2015 Aetna Individual Formulary Drug List Changes

# Coming April 2015





EXHIBIT C

26

Filed: 6/16/2015 9:35:12 AM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Steven Janway Deputy
Envelope ID: 5688608

CAUSE NO.  380-02063-2015

| | | |
|---|---|---|
| NICHOLAS D MOSSER | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v | § | 380TH JUDICIAL DISTRICT |
| | § | |
| AETNA LIFE INSURANCE COMPANY, | § | |
| et al | § | COLLIN COUNTY, TEXAS |

## RETURN OF SERVICE WITH DECLARATION

On May 29, 2015 at 10:00 A.M., I received *Citation(s)* in the above numbered and entitled cause. I executed said citations by personal delivery of same with the date of delivery endorsed thereon, together with a copy of the Plaintiff's Original Petition  attached thereto the within named defendants each on the date/hour and place to wit:

**Aetna Life Insurance Company**          06/2/2015      2:35 P.M.
through its registered agent
The Corporation Trust by
Marie Garcia
1999 Bryan Street, Suite 900
Dallas, Texas 75201

**eHealth Insurance Services Inc**          06/10/2015     3:00 P.M.
through its registered agent
CT Corporation System by
Marie Garcia
1999 Bryan Street, Suite 900
Dallas, Texas 75201

My name is Marc R. Jaco. My date of birth is October 30, 1951, and my address is 555 Republic Dr., Ste 200, Plano, Texas 75074 USA. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collin County, State of Texas on June 14, 2015.

Declarant

Marc R. Jaco SCH 673
Expires 07/31/2017

Filed: 6/16/2015 9:35:12 AM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Steven Janway Deputy
Envelope ID: 5688608

CAUSE NO.  380-02063-2015

| | | |
|---|---|---|
| NICHOLAS D MOSSER | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v | § | 380TH JUDICIAL DISTRICT |
| | § | |
| AETNA LIFE INSURANCE COMPANY, | § | |
| et al | § | COLLIN COUNTY, TEXAS |

## RETURN OF SERVICE WITH DECLARATION

On May 29, 2015 at 10:00 A.M., I received *Citation(s)* in the above numbered and entitled cause. I executed said citations by personal delivery of same with the date of delivery endorsed thereon, together with a copy of the Plaintiff's Original Petition  attached thereto the within named defendants each on the date/hour and place to wit:

**Aetna Life Insurance Company**     06/2/2015  2:35 P.M.
through its registered agent
The Corporation Trust by
Marie Garcia
1999 Bryan Street, Suite 900
Dallas, Texas 75201

**eHealth Insurance Services Inc**     06/10/2015  3:00 P.M.
through its registered agent
CT Corporation System by
Marie Garcia
1999 Bryan Street, Suite 900
Dallas, Texas 75201

My name is Marc R. Jaco. My date of birth is October 30, 1951, and my address is 555 Republic Dr., Ste 200, Plano, Texas 75074 USA. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collin County, State of Texas on June 14, 2015.



Declarant

Marc R. Jaco SCH 6?
Expires 07/31/2017

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.380-02063-2015

Nicholas D. Mosser vs. Aetna Life Insurance
Company and eHealthInsurance Services Inc.

In the 380th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney
do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were served this citation and petition, a default judgment
may be taken against you."

TO:  eHealthInsurance Services Inc
By Serving Registered Agent CT Corporation System
1999 Bryan Street Suite 900
Dallas TX 75201, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at
or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of
this citation before the Honorable 380th District Court of Collin County, Texas at the Courthouse of said
County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Nicholas D Mosser  2805 Dallas Parkway Suite 222
Plano TX 75093 (Attorney for Plaintiff or Plaintiffs), on  May 27, 2015, in this case, numbered 380-02063-
2015 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition**
accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 28th day of May,
2015.

ATTEST: Andrea Stroh Thompson, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

Signed: 5/28/2015 10:50:39 AM

By: _____ Deputy
Laura Edwards

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.
Any questions you have should be directed to an attorney.**

Filed: 6/16/2015 9:35:12 AM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Steven Janway Deputy
Envelope ID: 5688608

CAUSE NO.  380-02063-2015

| | | |
|---|---|---|
| NICHOLAS D MOSSER | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v | § | 380TH JUDICIAL DISTRICT |
| | § | |
| AETNA LIFE INSURANCE COMPANY, | § | |
| et al | § | COLLIN COUNTY, TEXAS |

## RETURN OF SERVICE WITH DECLARATION

On May 29, 2015 at 10:00 A.M., I received *Citation(s)* in the above numbered and entitled cause. I executed said citations by personal delivery of same with the date of delivery endorsed thereon, together with a copy of the Plaintiff's Original Petition  attached thereto the within named defendants each on the date/hour and place to wit:

**Aetna Life Insurance Company**          06/2/2015      2:35 P.M.
through its registered agent
The Corporation Trust by
Marie Garcia
1999 Bryan Street, Suite 900
Dallas, Texas 75201

**eHealth Insurance Services Inc**          06/10/2015      3:00 P.M.
through its registered agent
CT Corporation System by
Marie Garcia
1999 Bryan Street, Suite 900
Dallas, Texas 75201

My name is Marc R. Jaco. My date of birth is October 30, 1951, and my address is 555 Republic Dr., Ste 200, Plano, Texas 75074 USA. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collin County, State of Texas on June 14, 2015.



Marc R. Jaco SCH 673
Expires 07/31/2017

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.380-02063-2015

Nicholas D. Mosser vs. Aetna Life Insurance
Company and eHealthInsurance Services Inc.

In the 380th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Aetna Life Insurance Company
By Serving Registered Agent The Corporation Trust Inc
1999 Bryan Street Suite 900
Dallas TX 75201, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 380th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Nicholas D Mosser 2805 Dallas Parkway Suite 222 Plano TX 75093 (Attorney for Plaintiff or Plaintiffs), on May 27, 2015, in this case, numbered 380-02063-2015 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 28th day of May, 2015.

ATTEST: Andrea Stroh Thompson, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

Signed: 5/28/2015 10:50:18 AM

By: _____ Deputy
Laura Edwards

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.**