# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| NICHOLAS D. MOSSER | § | |
| | § | |
| v. | § | CASE NO. 4:15-CV-430 |
| | § | (Judge Mazzant/Judge Nowak) |
| AETNA LIFE INSURANCE COMPANY | § | |
| and EHEALTHINSURANCE SERVICES, | § | |
| INC. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 25, 2015, the report of the Magistrate Judge (Dkt. #35) was entered containing proposed findings of fact and recommendations that Defendant Aetna Life Insurance Company's ("Aetna") Motion to Dismiss (Dkt. #10) be denied. Having received the report of the Magistrate Judge (Dkt. #35), having considered each of Aetna's timely filed objections (Dkt. #39) and Plaintiff's Response to such objections (Dkt. #44), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #35) as the findings and conclusions of the Court.

## BACKGROUND

The Magistrate Judge previously set forth the procedural and factual history of this litigation, and such facts need not be restated fully herein (*see* Dkt. #35). On or about January 1, 2015, Plaintiff purchased a policy advertised and sold by and through eHealthInsurance Services, Inc. ("eHealth") and Aetna (collectively "Defendants"), entitled "TX

Aetna Gold $5 Copay PD" (the "Gold Policy") (Dkt. #8). Plaintiff contends that the Gold Policy represented the following limits regarding prescription drugs:

> Generic Drugs: $10 Copay; Preferred Brand Drugs: $35 Copay after deductible; Non-preferred Brand Drugs: $70 Copay after deductible; Specialty Drugs: 30% Coinsurance after deductible; Off Label Prescription Drugs: $70 Copay after deductible.

*Id*. Plaintiff argues that, based on the foregoing representations, Plaintiff purchased the Gold Policy expecting "for any brand name drug, the maximum co-pay would be $70.00." *Id*. at 7. Indeed, Plaintiff argues that he relied on such representations during the sales process and chose the Gold Policy for this specific reason. *Id*. Thereafter, Plaintiff experienced difficulty obtaining insurance coverage for his prescription drugs (specifically, Ambien CR, Strattera, and Cymbalta), and was charged approximately $400.00 for a thirty-day supply of one medication, including a penalty for utilizing a brand name drug rather than a generic. *Id*. at 10. Plaintiff notes that a copy of the complete insurance policy was not sent, delivered, or made available to him until April 15, 2015. *Id*. at 14.

On July 30, 2015, Plaintiff filed his Amended Complaint, asserting claims against Aetna for violations of the Texas Deceptive Trade Practices Act ("TDTPA"), breach of contract, and breach of the duty of good faith and fair dealing. *Id*. On August 19, 2015, Aetna filed its Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #10). Plaintiff filed a Response on September 23, 2015 (Dkt. #17); and on October 9, 2015, Aetna filed a Reply (Dkt. #21). The Magistrate Judge entered a report and recommendation on November 25, 2015, recommending that Defendant's motion be denied because Plaintiff's allegations were sufficient to withstand scrutiny under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #35). On December 10, 2015, Aetna filed its objections to the report and recommendation

of the Magistrate Judge (Dkt. #39). On December 28, 2015, Plaintiff filed his response to Aetna's objections (Dkt. #44).

**ANALYSIS**

Aetna objects to the report and recommendation of the Magistrate Judge on three grounds: (1) the Magistrate Judge erred when it declined to consider the evidence attached to Aetna's motion; (2) the Magistrate Judge erred when it did not address Plaintiff's promissory estoppel claim; and (3) the Magistrate Judge erred when it did not address Plaintiff's Affordable Care Act ("ACA") claim (Dkt. #39). In response, Plaintiff argues that the Magistrate Judge did not err when it determined that the exhibits attached to Aetna's motion were more properly considered at summary judgment (Dkt. #44 at 2-3). Plaintiff also contends that Aetna's argument regarding Plaintiff's promissory estoppel claim fails to acknowledge that Plaintiff pleaded promissory estoppel in the alternative to recovery for breach of contract. *Id*. at 4. Finally, Plaintiff asserts that Aetna cites no legal precedent and/or authority for Aetna's contention that there is no private cause of action under the ACA. *Id*. at 5. The Court considers each of Aetna's objections and Plaintiff's responses herein.

    *I.*    *Evidence Attached to Motion to Dismiss*

Turning to Aetna's first objection, Aetna argues that it is proper and appropriate to consider documents outside of the Complaint when ruling on a motion to dismiss without converting the motion into one for summary judgment, as long as those documents are referred to in the Complaint and are central to Plaintiff's claims (Dkt. #39 at 6-7). Aetna argues that because its documents meet both of these criteria, the Magistrate Judge should have considered the documents in its ruling on Aetna's Rule 12(b)(6) motion. *Id*. In support of its motion to dismiss, Aetna attached: (a) a complete copy of the eHealth website applicable to the Aetna

Policy, marked as Exhibit 2; (b) an affidavit of an eHealth employee verifying the accuracy of the content of that Exhibit 2, marked as Exhibit 1; and (c) a copy of an Aetna Plan Brochure included on the eHealth website, marked as Exhibit 3. *Id.*

The Court agrees that in determining whether to grant a Rule 12(b)(6) motion to dismiss, a district court may generally not "go outside the complaint," with one exception. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Williamson v. Tucker*, 645 F.2d 4047, 412-13 (5th Cir. 1981). The Fifth Circuit has held that consideration of documents attached to a motion to dismiss "is limited to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179 (S.D. Tex. 2008) (citing *Scanlan*, 343 F.3d at 536). Notably, Rule 12(b) grants courts discretion to accept and consider those materials in its ruling on the motion, but does not require them to do so. *Id.* (citation omitted). In reviewing Aetna's motion, the Magistrate Judge elected not to consider Aetna's documents attached to its motion (Dkt. #35 at 4 n.1). While Plaintiff does refer generally to eHealth's website in his Complaint, the entire contents of such website are not referred to in Plaintiff's Complaint and are not central to Plaintiff's claims (Dkt. #8). Moreover, Plaintiff's Complaint does not refer to the affidavit of the eHealth employee and/or the Aetna Plan Brochure included on the eHealth website. *Id.* The decision to not consider these documents in its ruling on Aetna's motion was made at the discretion of the Magistrate Judge and was not error. *Johnson v. Wells Fargo Bank, N.A.,* 999 F. Supp. 2d 919, 926 (N.D. Tex. 2014) (citing *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988)) (order adopting the conclusions of the Magistrate Judge finding the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss, but noting if matters outside the pleadings are not excluded, the motion must be treated as one for

summary judgment). Accordingly, because the Magistrate Judge exercised its discretion to exclude such evidence (as not part of the pleadings and to consider such evidence in connection with any summary judgment), and declined to convert Aetna's motion into one for summary judgment, Aetna's first objection is overruled.

## II. *Plaintiff's Claim for Promissory Estoppel*

Aetna next objects to the finding of the Magistrate Judge that Plaintiff pleaded a claim for promissory estoppel (Dkt. #39 at 7). Aetna argues that the existence of a contract between Plaintiff and Aetna in this case bars Plaintiff's recovery under a theory of promissory estoppel. *Id*. (citing *Fertic v. Spencer*, 247 S.W.3d 242, 250 (Tex. App. – El Paso 2007, pet. denied); *Subaru of Am., Inc. v. David McDavid Nissan, Inc*., 84 S.W.3d 212, 226 (Tex. 2002)). The Magistrate Judge considered this argument and rejected it (Dkt. 35 at 4-5). Moreover, in his Complaint (and response to Aetna's objections), Plaintiff identifies his promissory estoppel claim as an "Alternative Pleading to Breach of Contract" (Dkt. #8 at 26; Dkt. #44). Federal Rule of Civil Procedure 8(e)(2) permits parties to plead in the alternative. FED. R. CIV. P. 8 (e)(2); *Guy James Const. Co. v. Trinity Indus., Inc*., 644 F.2d 525, 530 (5th Cir.) *modified by* 650 F.2d 93 (5th Cir. 1981) ("A party may plead alternative and inconsistent facts or remedies against several parties without being barred."). Accordingly, the Court finds that Plaintiff is permitted to plead promissory estoppel in the alternative to his breach of contract claim. Aetna's second objection that the Magistrate Judge failed to consider its claim for promissory estoppel is overruled.

## III. *Plaintiff's Affordable Care Act Claim*

Aetna's last objection is that the Magistrate Judge erred in failing to address Aetna's argument that Plaintiff cannot state a claim for violation of the ACA (Dkt. #39 at 7). Aetna

5

contends that the ACA does not create a private cause of action, and that Plaintiff failed to plead facts that plausibly suggest a violation of the ACA. *Id.* This argument was considered by the Magistrate Judge and rejected (Dkt. #35 at 4-5). Moreover, in support of its position Aetna relies solely on a Government Accountability Office report, but identifies no applicable legal authority, such as statutes, relevant case law, or regulations, to support its argument that no private cause of action exists (Dkt. 10 at 19-20 (citing U.S. GOV'T ACCOUNTABILITY OFFICE, GAO B-322525, CAUSES OF ACTION UNDER THE PATIENT PROTECTION AND AFFORDABLE CARE ACT 4-8 (2012)). Plaintiff asserts, and the Court agrees, that this report is not binding on the Court; again Aetna has not provided the Court with applicable law in support of its assertion that there is no private cause of action under the ACA (Dkt. #44 at 5). *John Carlo, Inc. v. Corps of Engineers of U.S. Army, Fort Worth Div.*, 539 F. Supp. 1075, 1082 (N.D. Tex. 1982). Further, the Court declines to consider "matters outside the pleadings," such as extraneous materials that are not established law, at the Rule 12(b)(6) motion to dismiss stage of these proceedings, such items are also more properly considered at summary judgment. *Ace*, 255 F.R.D. at 188. Accordingly, the Court finds that Aetna's objection that the Magistrate Judge failed to address Aetna's arguments regarding Plaintiff's ACA claim is overruled.

## CONCLUSION

Having received the report of the Magistrate Judge, having considered each of Defendant's timely filed objections (Dkt. #39) and Plaintiff's Response to such objections (Dkt. #44), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant Aetna Life Insurance Company's Motion to Dismiss (Dkt. #10) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 12th day of January, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE