# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| NICHOLAS D. MOSSER | § | |
| | § | |
| v. | § | CASE NO. 4:15-CV-430 |
| | § | (Judge Mazzant/Judge Nowak) |
| AETNA LIFE INSURANCE COMPANY | § | |
| and EHEALTHINSURANCE SERVICES, | § | |
| INC. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 25, 2015, the report of the Magistrate Judge (Dkt. #34) was entered containing proposed findings of fact and recommendations that Defendant eHealthInsurance Services, Inc.'s ("eHealth") Motion to Dismiss (Dkt. #9) be denied. Having received the report of the Magistrate Judge (Dkt. #34), having considered each of eHealth's timely filed objections (Dkt. #41) and Plaintiff's Response to such objections (Dkt. #45), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #34) as the findings and conclusions of the Court.

## BACKGROUND

The Magistrate Judge previously set forth the procedural and factual history of this litigation, and such facts need not be restated fully herein (*see* Dkt. #34). On or about January 1, 2015, Plaintiff purchased a policy advertised and sold by and through eHealth and Aetna Life Insurance Company ("Aetna," and collectively with eHealth "Defendants"), entitled

"TX Aetna Gold $5 Copay PD" (the "Gold Policy") (Dkt. #8). Plaintiff contends that the Gold Policy represented the following limits regarding prescription drugs:

> Generic Drugs: $10 Copay; Preferred Brand Drugs: $35 Copay after deductible; Non-preferred Brand Drugs: $70 Copay after deductible; Specialty Drugs: 30% Coinsurance after deductible; Off Label Prescription Drugs: $70 Copay after deductible.

*Id*. Plaintiff argues that, based on the foregoing representations, Plaintiff purchased the Gold Policy expecting "for any brand name drug, the maximum co-pay would be $70.00." *Id*. at 7. Indeed, Plaintiff argues that he relied on such representations during the sales process and chose the Gold Policy for this specific reason. *Id*. Thereafter, Plaintiff experienced difficulty obtaining insurance coverage for his prescription drugs (specifically, Ambien CR, Strattera, and Cymbalta), and was charged approximately $400.00 for a thirty-day supply of one medication, including a penalty for utilizing a brand name drug rather than a generic. *Id*. at 10. Plaintiff notes that a copy of the complete insurance policy was not sent, delivered, or made available to him until April 15, 2015. *Id*. at 14.

On July 30, 2015, Plaintiff filed his Amended Complaint, asserting claims against eHealth for violations of the Texas Deceptive Trade Practices Act ("TDTPA"). *Id*. On August 19, 2015, eHealth filed its Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #9). Plaintiff filed a Response on September 23, 2015 (Dkt. #16); and on October 9, 2015, eHealth filed a Reply (Dkt. #22). The Magistrate Judge entered a report and recommendation on November 25, 2015, recommending that Defendant's motion be denied because Plaintiff's allegations were sufficient to withstand scrutiny under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #34). On December 10, 2015, eHealth filed its objections to the report and recommendation of the Magistrate Judge (Dkt. #41). On December 28, 2015, Plaintiff filed his response to eHealth's objections (Dkt. #45).

**ANALYSIS**

eHealth objects to the report and recommendation of the Magistrate Judge on two grounds: (1) the Magistrate Judge erred when it declined to consider the evidence attached to eHealth's motion; and (2) the Magistrate Judge erred when it found that Plaintiff pled facts sufficient to state a plausible claim (Dkt. #41). In response, Plaintiff argues that the Magistrate Judge did not err when it determined that the exhibits attached to eHealth's motion were more properly considered at summary judgment (Dkt. #45 at 2-3). Plaintiff also asserts that eHealth's second objection – that the Magistrate Judge erred in finding Plaintiff's Complaint states a plausible claim – is baseless. *Id*. at 4. Plaintiff contends that the Court must consider Plaintiff's allegations made in the Complaint, not make assumptions based on "what Defendants contend should have taken place or the Plaintiff could have done." *Id*. The Court considers each of eHealth's objections and Plaintiff's responses herein.

## I.   *Evidence Attached to Motion to Dismiss*

Turning to eHealth's first objection, eHealth argues that it is proper and appropriate to consider documents outside of the Complaint when ruling on a motion to dismiss without converting the motion into one for summary judgment, as long as those documents are referred to in the Complaint and are central to Plaintiff's claims (Dkt. #41 at 7). eHealth argues that because its documents meet both of these criteria, the Magistrate Judge should have considered the documents in its ruling on eHealth's Rule 12(b)(6) motion. *Id*. In support of its motion to dismiss, eHealth attached: (a) a complete copy of the eHealth website page applicable to the Aetna Policy, Marked as Exhibits 2; (b) an affidavit of an eHealth employee verifying the accuracy of the content of that Exhibit 2, marked as Exhibit 1; and (c) a copy of the Aetna Plan Brochure included on the eHealth website, marked as Exhibit 3. *Id*. In Plaintiff's response,

Plaintiff contends that the Magistrate Judge exercised its discretion to consider or decline to consider such documents, which was not error (Dkt. #45).

The Court agrees that in determining whether to grant a Rule 12(b)(6) motion to dismiss, a district court may generally not "go outside the complaint," with one exception. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Williamson v. Tucker*, 645 F.2d 4047, 412-13 (5th Cir. 1981). The Fifth Circuit has held that consideration of documents attached to a motion to dismiss "is limited to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179 (S.D. Tex. 2008) (citing *Scanlan*, 343 F.3d at 536). Notably, Rule 12(b) grants courts discretion to accept and consider those materials in its ruling on the motion, but does not require them to do so. *Id.* (citation omitted). In reviewing eHealth's motion, the Magistrate Judge elected not to consider eHealth's documents attached to its motion (Dkt. #35 at 4 n.1). While Plaintiff does refer generally to eHealth's website in his Complaint, the entire contents of such website are not referred to in Plaintiff's Complaint and are not central to Plaintiff's claims (Dkt. #8). Moreover, Plaintiff's Complaint does not refer to the affidavit of the eHealth employee and/or the Aetna Plan Brochure included on the eHealth website. *Id*. The decision to not consider these documents in its ruling on eHealth's motion was made at the discretion of the Magistrate Judge and was not error. *Johnson v. Wells Fargo Bank, N.A.,* 999 F. Supp. 2d 919, 926 (N.D. Tex. 2014) (citing *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988)) (order adopting the conclusions of the Magistrate Judge finding the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss, but noting if matters outside the pleadings are not excluded, the motion must be treated as one for summary judgment). Accordingly, because the Magistrate Judge exercised its discretion to

exclude such evidence (as not part of the and to consider such evidence in connection with any summary judgment), and declined to convert eHealth's motion into one for summary judgment, Aetna's first objection is overruled.

Moreover, even if the Court had considered the attached documents, the result would remain the same at this juncture, because following de novo review, the Court finds Plaintiff's allegations are sufficient to state a claim pursuant to Rule 12(b)(6), and agrees that eHealth's motion should be denied.

## II. *Plaintiff Stated a Plausible Claim*

eHealth next objects to the finding of the Magistrate Judge that Plaintiff pleaded a plausible claim for eHealth's violation of the TDTPA (Dkt. #7-8). More specifically, eHealth argues that had the Magistrate Judge considered all of the documents proffered by eHealth, then the Magistrate Judge would have concluded that Defendant's motion should be granted and Plaintiff's claims dismissed for failure to state a claim. *Id*. In his responses, Plaintiff contends that this objection is baseless (Dkt. #45). The Court has already determined *supra* that it was within the discretion of the Magistrate Judge whether to consider eHealth's attached exhibits. Further, in ruling on a Rule 12(b)(6) Motion, the Court must accept as true all well-pleaded facts contained in Plaintiff's Complaint and view them in the light most favorable to Plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The Court has conducted a de novo review and agrees that under the Rule 12(b)(6) standard, Plaintiff has sufficiently stated a plausible claim for relief against eHealth under the TDTPA.

Accordingly, the Court finds that eHealth's objection that the Magistrate Judge erred in finding Plaintiff's claims arising under the TDTPA plausible, is overruled.

## CONCLUSION

Having received the report of the Magistrate Judge, having considered each of Plaintiff's timely filed objections (Dkt. #41), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant eHealthInsurance Services, Inc.'s Motion to Dismiss (Dkt. #9) is **DENIED**.

**IT IS SO ORDERED.**
 **SIGNED** this 12th day of January, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE