# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NICHOLAS D. MOSSER, | § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 4:15-cv-00430 |
| AETNA LIFE INSURANCE COMPANY, | § § § § | Judge Mazzant/Judge Johnson |
| Defendant. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 8, 2017, the report of the Magistrate Judge (Dkt. #277) was entered containing proposed findings of fact and recommendations that Plaintiff Nicholas D. Mosser's ("Plaintiff") Motion to Dismiss Aetna Life Insurance Company's ("Defendant" or "Aetna") Counterclaim (the "Motion to Dismiss") (Dkt. #194) should be denied.

Plaintiff filed objections to the report (the "Objections") (Dkt. #279). The Court has made a *de novo* review of the objections raised by Plaintiff and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

The primary thrust of Plaintiff's Objections relate to his contention that the Magistrate Judge did not apply the proper standard of review in analyzing the sufficiency of Aetna's counterclaim under the Texas Deceptive Trade Practices Act (the "TDTPA") that Plaintiff's lawsuit was brought in bad faith. The TDTPA provides for attorneys' fees to be awarded to a

prevailing defendant under appropriate circumstances. "On a finding by the court that an action under this section was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs." TEX. BUS. & COMM. CODE ANN. § 17.50(c); *see also Vu v. Rosen*, 2004 WL 612832, at *9 (Tex. App.—Houston [14th Dist.] Mar. 30, 2004, pet. denied); *Alcan Aluminum Corp. v. BASF Corp.*, 133 F. Supp. 2d 482, 506 (N.D. Tex. 2001).

Plaintiff argues the Magistrate Judge, "disregard[ed] the pleadings and improperly relied on "Aetna's mis-quoted statements as fact." *See generally* Dkt. 279. When considering a motion to dismiss, the court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). Relying on *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004), Plaintiff argues the Magistrate Judge should have compared and analyzed Plaintiff's complaint against Aetna's counterclaim to resolve purported inconsistencies.

The Court finds *Riley* not only readily distinguishable, but also unpersuasive as to Plaintiff's ultimate argument. First, *Riley* was a case under the *qui tam* provisions of the False Claims Act (the "FCA"), 31 U.S.C. §§ 3729 & 3730(b). The FCA requires a statement known to be false. Second, the issue in *Riley* involved apparent conflicts between the complaint and exhibits attached thereto. That is not the case here. To the extent Plaintiff and Aetna disagree about alleged accuracies or inaccuracies in the other's pleadings, or about interpretation regarding the meaning or intent of those allegations, such disagreement is not an issue to be resolved at the motion to dismiss stage. Finally, although setting forth the basic rule that when an allegation in a pleading is

contradicted by the contents of an exhibit attached to the pleading, the exhibit and not the allegation controls, the Fifth Circuit ultimately held that the district court acted prematurely in dismissing the complaint because "it precluded the opportunity for Plaintiff by subsequent proof to establish a claim supporting the allegations not refuted by exhibits." *Riley*, 355 F.3d at 376-77. Similarly, in the present case, the Magistrate Judge declined to preclude Aetna an opportunity to provide "subsequent proof to establish its claim." *Id*.

A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Twombly, 550 U.S. at 562. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555. Upon review, the Court concludes the factual allegations are enough to raise the right to relief above the speculative level.

Having found that Plaintiff's Objections are without merit, the Magistrate Judge's Report is **ADOPTED** as the opinion of the Court, and Plaintiff's Motion to Dismiss Aetna Life Insurance Company's Counterclaim (Dkt. #194) is **DENIED**.

**IT IS SO ORDERED**.
**SIGNED this 27th day of March, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE