# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| NICHOLAS D. MOSSER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:15-cv-00430 |
| | § | Judge Mazzant/Judge Johnson |
| AETNA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 9, 2017, the report of the Magistrate Judge (the "Report") (Dkt. #278) was entered containing proposed findings of fact and recommendations that Plaintiff Nicholas D. Mosser's ("Plaintiff") Motion to Strike Aetna Life Insurance Company's Affirmative Defenses (the "Motion to Strike") (Dkt. #193) be denied.

Plaintiff filed objections to the report (the "Objections") (Dkt. #280). The Court has made a *de novo* review of the objections raised by Plaintiff and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Plaintiff seeks to strike the following affirmative defenses (the "Affirmative Defenses") asserted by Aetna: (1) First and Nineteenth Affirmative Defenses (failure to state a claim upon which relief can be granted); (2) Third Affirmative Defense (good faith and lawful business reasons); (3) Eighth Affirmative Defense (standing); (4) Fifteenth Affirmative Defense (agency); (5) Seventeenth

Affirmative Defense (actual knowledge and/or negligence); and (6) Twenty-first Affirmative Defense (reservation of rights). *See* Dkt. 193.

Plaintiff's first point of error is that the Magistrate Judge incorrectly applied federal law, rather than state law, in her analysis of the sufficiency of Aetna's First and Nineteenth Affirmative Defenses, failure to state a claim. Plaintiff appears to create a dispute where none exists. To the extent that Plaintiff suggests the Magistrate Judge failed to apply the proper pleading standards in her analysis, Plaintiff is wrong.

In diversity cases, federal courts apply state substantive law and federal procedural law, *Hanna v. Plumer*, 380 U.S. 460, 466-67 (1965). Traditionally, Texas courts have applied a pleading standard that is more liberal than the federal pleading standard, upholding a petition so long as it provides "fair notice of the claim involved." TEX. R. CIV. P. 45(b). In March 2013, however, the Texas Supreme Court adopted Rule 91a of the Texas Rules of Civil Procedure, which provides in pertinent part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in the law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a.1 While not identical to the Rule 12(b)(6) standard, the Texas Courts of Appeals have interpreted Rule 91a as essentially calling for a Rule 12(b)(6)-type analysis, and have relied on the 12(b)(6) case law in applying Rule 91a. *See Linron Properties, Ltd. v. Wausau Underwriters Ins. Co.*, 2015 WL 3755071, at *2–3 (N.D. Tex. 2015) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014), *reh'g overruled* (Oct. 9, 2014); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014), *review denied* (Nov. 21, 2014)).

Based on the foregoing, there is no credible argument that the Magistrate Judge applied the incorrect standard. Furthermore, the Magistrate Judge agreed with Plaintiff that failure to state a claim is not an affirmative defense, but declined to strike those defenses. *See* Dkt. #278 at 5. Thus, it appears

that Plaintiff disagrees not with the analysis, but rather with the Magistrate Judge's conclusion. This does not constitute a basis for error. The Magistrate Judge properly declined to strike Aetna's First Affirmative Defense. The Magistrate Judge noted that a failure to state a claim defense, although commonly pleaded in an answer because Federal Rule 12(h)(2) allows it, is not an affirmative defense. Dkt. #278 at 5 (citing *Kleppinger v. Tex. Dep't of Transp.*, 2012 WL 12893653, at *9 (S.D. Tex. 2012) (collecting cases)). Although not technically an affirmative defense, the failure to state a claim defense may be treated as such. *See Lebouef v. Island Operating Co., Inc.*, 342 Fed.App'x. 983, 984–85 (5th Cir. 2009).

Additionally, the defense raises no risk of unfair surprise because Plaintiff has sufficient notice of what Aetna's assertion of failure to state a claim requires of him—"that the 'plain statement' possess[es] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955 (2007) (citing FED. R. CIV. P. 8(a)(2)); *see also Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008). Furthermore, striking the defense from Aetna's answer would be pointless because Plaintiff is not at risk of prejudicial harm. *See Joe Hand Promotions, Inc. v. Izalco, Inc.*, 2017 WL 3130581, at *1 (S.D. Tex. 2017) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

Accordingly, the Court finds no error in the Magistrate Judge's conclusion that the motion to strike Aetna's failure to state a claim defense should be denied, and Plaintiff's Objection is **OVERRULED**.

The Magistrate Judge also properly denied Aetna's Third Affirmative Defense explaining that "while mislabeled, [it] informed both Plaintiff and the Court of facts Aetna intends to offer in response to the elements of Plaintiff's case," and therefore, should not be stricken. Dkt. #278 at 6. As the Magistrate Judge noted, Plaintiff has been given fair notice here of the defense being advanced by Aetna. *Id.* (citing *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (internal citation omitted) ("A district court has discretion to determine whether the party against whom the defense

was raised suffered prejudice or unfair surprise as a result of the delay.")). The Court, therefore, finds no error, and this Objection is likewise **OVERRULED**.

Aetna's Eighth Affirmative Defense alleges Plaintiff lacks standing. Plaintiff takes issue with the Magistrate Judge's reliance on *Muschong v. Millennium Physician Grp., LLC*, 2014 WL 3341142, at *3 (M.D. Fla. July 8, 2014), an unpublished case from the Middle District of Florida, for the proposition that a mistakenly labeled "lack of standing" affirmative defense, can be treated as a specific denial, rather than stricken under Rule 12(f). *See* Dkt. #280 at 5. As explained below, the Court finds no error in the Magistrate Judge's reliance on the reasoning in *Muschong* as persuasive authority to support her conclusion that Aetna's Eighth Affirmative Defense should not be stricken.

Although this case is an asserted class action, the Court has determined that Plaintiff's individual claims must be resolved prior to any rulings on class certification. *See* Dkt. #224. Aetna's Eighth Affirmative Defense argues that Plaintiff lacks standing as a class representative. *See* Dkt. #191 at 27-28. Aetna argues that because Plaintiff's individual claims turn on facts unique to him, he is an inadequate representative of potential class members. *Id*.

Although lack of standing is not included in the list of affirmative defenses provided in Federal Rule of Civil Procedure 8(c), nothing in the language of Rule 8(c) purports to limit what may be pleaded as affirmative defenses. As the court noted in *Native Am. Arts, Inc. v. The Waldron Corp.*, 253 F. Supp. 2d 1041 (N.D. Ill. 2003), where defenses are not listed in Rule 8(c), courts must analyze whether they are affirmative defenses. *Native Am. Arts*, 253 F. Supp. 2d at 1045. The *Native Am. Arts* court also explained that because the plaintiff bears the burden of pleading and proving standing, it typically cannot be an affirmative defense. However, the Court finds the circumstances in this case militate a different conclusion.

Rule 23(a) provides four prerequisites to a class action: (1) a class "so numerous that joinder of all members is impracticable;" (2) "questions of law or fact common to the class;" (3) named parties' claims or defenses "typical . . . of the class;" and (4) representatives that "will fairly and

adequately protect the interests of the class." FED. R. CIV. P. 23(a); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 606–08 & nn. 8, 9, 11, 13 (1997). In addition to these prerequisites, a party seeking class certification under Rule 23(b)(3) must also demonstrate "both (1) that questions common to the class members predominate over questions affecting only individual members, and (2) that class resolution is superior to alternative methods for adjudication of the controversy." *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir. 2003).

The predominance inquiry in Rule 23(b)(3) is "more demanding than the commonality requirement of Rule 23(a) and requires courts to consider how a trial on the merits would be conducted if a class were certified." *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 525 (5th Cir. 2007) (citing *Bell Atl.*, 339 F.3d at 301–02) (internal quotations omitted). As explained in *Maldanado*, it is possible that a court could determine the issues in the lawsuit could cause the proposed class to "degenerat[e] into a series of individual trials," such that class certification is inappropriate. *Maldonado*, 493 F.3d at 525 (citing *Bell Atl.*, 339 F.3d at 302 (internal quotations omitted)); *see also Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 601 (5th Cir. 2006) ("Whether common issues predominate and whether the class action is a superior method to resolve the controversy requires an understanding of the relevant claims, defenses, facts, and substantive law presented in the case."). In light of this guidance, the Court finds the Magistrate Judge did not err in concluding that Aetna's challenge to Plaintiff's representation of a potential class should not be stricken. *See* Dkt. #278 at 8. As stated in the Report, "[w]hether regarded as a specific denial or an affirmative defense, Aetna's standing defense notifies Plaintiff and the Court of the issues Defendant intends to assert against Plaintiff's claims, . . . [and] also serves to explain why Aetna believes Plaintiff cannot serve as a class representative." *Id*.

Plaintiff directs the Court's attention to *F.T.C. v. Think All Pub.L.L.C.*, 564 F. Supp. 2d 663, 665–66 (E.D. Tex. 2008) (Schell, J.), arguing it more properly states the law in this circuit regarding "negative defenses." Dkt. #280 at 5. However, the Court finds *Think All Pub.,* distinguishable because

lack of standing was not one of the defenses at issue in that case,[1] and it was not a class action case. Here, Plaintiff's lack of standing defense is not "merely [a] restatement[] of denials of certain allegations that were made elsewhere in [Aetna's] [a]nswer." *Think All Pub.*, 564 F. Supp. 2d at 666. Rather, the defense raises a substantive issue as to Plaintiff's qualifications to represent a potential class. Based on the foregoing, Plaintiff's Objection to Aetna's Eight Affirmative Defense is **OVERRULED**.

Having reviewed Plaintiff's remaining Objections, the Court similarly finds them without merit as to the ultimate findings of the Magistrate Judge. As discussed above, Plaintiff has been given fair notice here of the defenses being advanced by Aetna, and striking these defenses would be pointless because Plaintiff is not at risk of prejudicial harm. *Joe Hand*, 2017 WL 3130581, at *1; *Brown & Williamson*, 201 F.2d at 822*; LSREF2 Baron*, 751 F.3d at 398.

Having found all of Plaintiff's Objections are without merit, the Magistrate Judge's Report is **ADOPTED** as the opinion of the Court, and Plaintiff's Motion to Strike Aetna Life Insurance Company's Affirmative Defenses (Dkt. #193) is **DENIED**.

**IT IS SO ORDERED**.
**SIGNED** this 28th day of March, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also cites *Think All* in his Objection to Aetna's Fifteenth Affirmative Defense, which states: "[Plaintiff's claims] "do not arise from any conduct by Aetna, but instead arise, if at all, out of the conduct, acts, and/or omissions of Plaintiff and/or or the conduct, acts, or omissions of other parties, including eHealth Insurance Services, Inc." For the reasons already stated, the Court finds *Think All Pub.* distinguishable.